WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Standish,<br><br>                 Plaintiff,<br><br>v.<br><br>Encore Credit Corporation, et al.,<br><br>                Defendants. | No. CV-13-01819-PHX-DGC<br><br>**ORDER** |

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Bank of America, N.A. as successor by merger to LaSalle Bank National Association ("LaSalle") have filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and Rule 12(b)(7) for failure to join an indispensable party. Doc. 13. The motion has been fully briefed. Docs. 19, 20. For the reasons that follow, the Court will grant the motion.[1]

**I.  Background.**

On November 9, 2006,[2] Plaintiff David Standish and his wife, Cynthia Standish, executed a Deed of Trust for $618,750.00 with Encore Credit Corp., secured by the

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] In his Complaint, Plaintiff asserts that he "entered into a consumer credit transaction" on January 30, 2007. The Deed of Trust filed by Defendant at Doc. 14, Ex. 1, and signed by Plaintiff, is dated November 9, 2006.

1  property at 8320 E. Quill Street, Mesa, AZ 85207 ("Subject Property").  Doc. 14, Ex. 1.
2  The Deed of Trust was subsequently assigned by MERS, as Encore Credit Corp.'s
3  nominee, to LaSalle Bank, N.A., and recorded on December 11, 2008.  Doc. 14, Ex. 2.
4  LaSalle substituted Quality Loan Service Corporation ("Quality") as Trustee.  Doc. 14,
5  Ex. 3.  More than two years later, after Quality scheduled and then canceled a trustee's
6  sale, LaSalle substituted California Reconveyance Company ("CRC") as trustee under
7  the Deed of Trust.  Doc. 14 at Ex. 6.  CRC noticed a trustee's sale.  Doc. 1-1 at 40.
8  Plaintiff and his wife filed bankruptcy on October 26, 2011, but the bankruptcy case was
9  dismissed one year later for Plaintiff's failure to comply with the bankruptcy court's
10 requirements.  Doc. 14 at Ex. 8.

11 On August 2, 2013, Plaintiff filed his complaint in Maricopa County Superior
12 Court to halt the trustee's sale of the property, and at the same time recorded a *lis*
13 *pendens*.  Docs. 1, 1-1.  The case was removed to this Court on September 5, 2013.

**II.     Failure to Join Wife.**

15 Under Rule 12(b)(7), a case may be dismissed for "failure to join a party under
16 Rule 19."  Rule 19 requires the joinder of a person if, "in that person's absence, the court
17 cannot accord complete relief among existing parties," or if disposing of the action in the
18 person's absence would "impair or impede the person's ability to protect the interest" the
19 party has in the case, or "leave an existing party subject to a substantial risk of incurring
20 double, multiple, or otherwise inconsistent obligations."

21 It is well-established that "all parties who may be affected by the determination of
22 the action are indispensable."  *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir.
23 1975).  To justify dismissal of a case for failure to join an indispensable party, however,
24 joinder of the party must not be feasible.  Fed. R. Civ. P. 19(b).

25 Plaintiff has asserted that his failure to join his wife as a party was in error and he
26 seeks to amend his complaint to correct the error.  Doc. 19 at 2.  Given this, failure to join
27 Plaintiff's wife is not grounds for dismissal of this case, as her joinder is feasible and the
28 Court will grant Plaintiff's request to amend his complaint to correct this error.

**II.     Failure to State a Claim.**

    **A.     Legal Standard.**

When analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

    **B.     Analysis.**

Plaintiff asserts five causes of action: (1) lack of standing to foreclose by Defendants and allegations that MERS is not a real party in interest; (2) breach of contract for failure to adhere to a Deed of Trust provision granting power to appoint a substitute trustee to the Lender, not the beneficiary or Lender's successors or assigns; (3) slander of title under A.R.S. § 33-420, for assignment of the Deed of Trust to an invalid trustee; (4) declaratory relief in the form of a judicial determination of the rights, obligations and interests of the parties with regard to the Property; and (5) equitable

estoppel by Defendants for "not seriously considering Plaintiff's application for modification." Doc. 1-1 at 14-28.

### 1.     Claims 1 and 4: Authority to Foreclose.

Defendants assert that Plaintiff's first and fourth claims for relief fail to state a claim because (1) a claim for declaratory relief is a remedy not a cause of action; (2) both claims rely on the "show me the note" theory that has been rejected by Arizona courts; and (3) to the extent Plaintiff's claims challenge MERS' authority to act as a beneficiary, this theory has also been rejected. Doc. 13 at 11-12. Plaintiff does not respond to the first and third arguments, but appears to dispute that his "show me the note" theory has been rejected. Doc. 19 at 2-3.[3]

"Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure." *Hogan*, 277 P.3d at 782. Rather, "the only proof of authority the trustee's sales statutes require is a statement indicating the basis for the trustee's authority." *Hogan*, 230 277 P.3d at 783; *see* A.R.S. § 33-808(C)(5) (requiring the notice to set forth "the basis for the trustee's qualification pursuant to § 33–803, subsection A"); *see also* A.R.S. § 33-807(A) (granting the trustee the "power of sale"). Where a sale is "noticed by a trustee who had recorded an instrument demonstrating that it was a successor in interest to the original trustee," a party has complied with the statutes. *Id*.

Additionally, courts repeatedly have held that MERS has authority to act as a

---

[3] Plaintiff references violations of New York law repeatedly in his Complaint. *See, e.g.*, Doc. 1-1 at 16, 17. He appears to allege a violation of New York law under his first cause of action. Doc. 1-1 at 21, ¶ 59. Although Plaintiff does not explain why he thinks New York law applies, the Court assumes that Plaintiff makes this argument because the Securities I Trust 2007-HE 1Trust, the Trust for which Defendant LaSalle Bank was the Trustee, "is a Common Law Trust formed pursuant to New York law." Doc. 1-1 at 14. To the extent Plaintiff argues that New York law applies here – which is not clear from his Complaint – the Court rejects this premise. It is well-established that "[t]he method for the foreclosure of a mortgage on land and the interests in the land resulting from the foreclosure are determined by the local law of the situs." Restatement (Second) of Conflict of Laws § 229 (1971).

- 4 -

1  lender's agent and take action on its behalf, and have rejected the premise that MERS is a
2  "sham beneficiary." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th
3  Cir. 2011) (rejecting argument that MERS is a sham beneficiary where MERS did not
4  initiate foreclosure). *See also In re Mortgage Elec. Registration Sys. (MERS) Litig.*, 2012
5  WL 1912133 (D. Ariz. May 25, 2012) (rejecting argument that MERS cannot act as a
6  lender's agent); *Bean v. BAC Home Loans Servicing, L.P.*, 2012 WL 171435, at * 1-2
7  (D. Ariz. Jan. 20, 2012) (same).

Plaintiff's first claim alleges that "the only individual who has standing to foreclose is the holder of the note," and that "there were no actual assignments or transfers of the note or deed of trust at any stage of the securitization chain of title." Doc. 1-1 at 20. This is incorrect. There is no requirement to "show the note" under Arizona law; the only requirement is that a sale be "noticed by a trustee who had recorded an instrument demonstrating that it was a successor in interest to the original trustee." A.R.S. § 33-807(A). LaSalle recorded its substitution of CRC as trustee (Doc. 14 at Ex. 6), and CRC noticed a trustee's sale on the property on July 28, 2011 (Doc. 1-1 at 40).

As for Plaintiff's request for a judicial determination of the chain of custody of the note, this claim is also denied. Any request for declaratory relief must be based on a cognizable legal theory. *Oraha v. Metrocities Mortgage, LLC*, 2012 WL 70834 (D. Ariz. Jan. 10, 2012). Because Arizona law does not require a party noticing a trustee's sale to show chain of custody of the note, this request is not based on a cognizable legal theory.

### 2.     Claim 2: breach of contract.

Plaintiff alleges breach of contract for failure to adhere to a provision in the Deed of Trust granting power to appoint a substitute trustee to the Lender. Plaintiff asserts that because the deed names Encore as the Lender, the substitution of the party that initiated the sale was invalid.[4] Doc. 1-1 at 24. Defendants argue that this claim is without merit

---

[4] In his complaint, Plaintiff refers to the party that initiated the trustee's sale as "Recontrust" and to the party that was invalidly substituted as "Recon Corp." Doc. 1-1 at 24. The Complaint also alleges that "Recontrust was without authority to initiate a

- 5 -

because the Deed of Trust does not preclude its assignment and, therefore, consistent with common law principles allowing the assignment of contracts, the power to assign the deed is not limited to the original lender. Doc. 13 at 14. Plaintiff's only response is that "The Breach of Contract claim is sustainable based on Defendants' failure to properly execute the transactions regarding the foreclosure of the subject property." Doc. 19 at 3.

The Deed of Trust is assignable under its own terms. Paragraph 20 states that "The Note or a partial interest in the Note (together with this [deed]) can be sold one or more times without prior notice to Borrower." Doc. 14 at 16. Paragraph 13 states that "the covenants and agreements of this [deed] shall bind . . . and benefit the successors and assigns of Lender." Doc. 14 at 15. Defendants were free to assign the deed under its terms.

### 3. Claim 3: slander of title.

Plaintiff alleges that because his deed was assigned to an allegedly invalid trustee, La Salle Bank, "which was no longer in existence at the time of the assignment," Defendants violated A.R.S. § 33-420(a). Doc. 1-1 at 25. Defendants argue that this provision does not apply to the recording of the assignment.

A.R.S. § 33–420(a) imposes liability for persons who knowingly cause a false or forged document to be recorded. By its own terms, however, the statute applies only to "document[s] asserting" a "claim [of] interest in, or a lien or encumbrance against[ ] real property." A.R.S. § 33–420(A). Assignments of mortgages and notices of trustee's sales do not create such an interest and are not, therefore, subject to liability under this statute. *Schayes v. Orion Fin. Grp., Inc.*, 2011 WL 3156303 (D. Ariz. July 27, 2011). Even if the Court were to accept that La Salle Bank was no longer in existence at the time of the

---

trustee's sale on September 30, 2009." Complaint, ¶ 74. No entities with these names are parties to this lawsuit, nor has Plaintiff alleged any facts relating to these entities. Further, the contested trustee's sale was noticed on July 28, 2011. Doc. 1-1 at 40. The Court can only assume that these are scrivener's errors by Plaintiff's counsel, and will therefore construe Plaintiff's allegations as objections to the substitution of CRC, the entity that initiated the trustee's sale on July 28, 2011.

- 6 -

1 assignment and that Defendants knew this and materially misrepresented that fact to
2 Plaintiff – assertions the Court need not evaluate – Plaintiff has no cause of action under
3 A.R.S. § 33–420(A).

**5.  Claim 5: estoppel.**

Plaintiff alleges that Defendants made false representations because "they were not seriously considering Plaintiff's application for modification," and they "only offered Plaintiff the opportunity to be approved for a modification . . . as a way to make money." Doc. 1-1 at 28. Defendants argue that Plaintiff has failed to allege the elements of equitable estoppel. Doc. 13 at 16.

Equitable estoppel arises from an affirmative misrepresentation of a present fact or state of facts that results in detrimental reliance by another thereon. *Tiffany Inc. v. W. M. K. Transit Mix, Inc.,* 16 Ariz. App. 415, 419, 493 P.2d 1220, 1224 (1972). Equitable estoppel is available, however, only as a defense, not as a cause of action. *Id*. Equitable estoppel claims may constitute promissory estoppel claims under Arizona law "if the plaintiffs adequately alleged the elements of promissory estoppel." *Gorman v. Pima Cnty.*, 230 Ariz. 506, 287 P.3d 800, 804 n. 4 (Ariz. App. 2012). Those elements include: "(1) the party to be estopped commits acts inconsistent with a position it later adopts; (2) reliance by the other party; and (3) injury to the latter resulting from the former's repudiation of its prior conduct." *Id.*

Plaintiff's claim appears to rest on allegations that he applied for a modification of his loan, but Plaintiff does not allege any facts regarding the circumstances of a modification application, much less facts that would support the statement that Defendants "were not seriously considering Plaintiff's application for a modification."

Even if Plaintiff had alleged facts describing the application for modification, it is not clear how Defendants' consideration or granting of an application for modification is inconsistent with Defendants' later position. Considering a modification of a loan for a borrower who is struggling to pay their mortgage does not equitably preclude a lender from later foreclosing on the property if the Plaintiff fails to pay. Plaintiff argues that

Defendants never intended to allow the modification of the loan, but Plaintiffs assert no facts that could support such a contention.

In his response to Defendant's motion to dismiss, Plaintiff seeks leave to amend the claim to one for promissory estoppel. Doc. 19 at 3. Defendants oppose this request on the ground that Plaintiff has not established "the propriety of the requested leave to amend." Doc. 20 at 4. In the Ninth Circuit, however, leave to amend is appropriate "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Plaintiff has failed to state a claim for equitable estoppel, but the Court does not find that Plaintiff could not state a claim for promissory estoppel. If Plaintiff can assert facts that demonstrate an inconsistent position by Defendants that resulted in Plaintiff's detrimental reliance, he may be able to state a claim. An amendment to the complaint that merely changes the cause of action from equitable estoppel to promissory estoppel will not cure the defect; Plaintiff must do more in his amendment and assert facts that support this claim.

**III.    Leave to amend other claims.**

Plaintiff also makes a general request for leave to amend his complaint "whether Defendants' motion is denied or granted." Doc. 19 at 1. Plaintiff may amend his complaint to add his wife and to amend his equitable estoppel claim. But Plaintiff's other claims depend on legal theories that have been rejected repeatedly by this Court and others. With regard to all claims except Plaintiff's equitable estoppel claim, "the pleading could not possibly be cured by the allegations of other facts." *Lopez*, 203 F.3d at 1127. Plaintiff's request to amend the complaint is denied as to claims one through four.

**IV.    Expungement of lis pendens.**

A.R.S. § 33-420(b) provides that the owner or beneficial title holder of the real property may bring an action to clear title when a *lis pendens* has been filed. The statute

explicitly provides for such a cause of action to be brought "in the superior court of the county in which the real property is located," and that such an action "may be brought against a county recorder or any other recording official to compel him to remove a lien from the official records of the county." *Id*.

Because the Court has given Plaintiff leave to amend one claim of the Complaint – the claim for equitable estoppel – the Court will not grant Defendant's request at this time. If Plaintiff does amend his complaint and Defendants seek to have the *lis pendens* quashed at that point, Defendants should provide the Court with authority under which it may grant such a request.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 13) is **granted**.

2. Plaintiff's request to amend his complaint is **granted** as to his estoppel claim, but denied with respect to the other four claims in his complaint. Plaintiff is advised that the Court will not grant an additional opportunity to amend his complaint. Plaintiff's amended complaint shall be filed on or before **February 7, 2014**.

3. Defendant's request to expunge the *lis pendens* is **denied.**

Dated this 22nd day of January, 2014.

_____
David G. Campbell
United States District Judge

- 9 -